```
RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED  Y-2
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. /h
DATE  6-1-05
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY S. MacDONALD<br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH RECEIVABLES, INC.<br>and CHAD E. GOLDSTONE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**05 cv 11136 RWZ**

## COMPLAINT

MAGISTRATE JUDGE Sorokin

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3. Plaintiff, Nancy S. MacDonald, is a natural person residing in Arlington, Massachusetts.

4. Defendant Commonwealth Receivables, Inc. (hereafter "Commonwealth") is a Massachusetts corporation with a place of business in Watertown, Massachusetts, and is engaged in the business of collecting debts in Massachusetts.

5. On information and belief, Commonwealth buys charged-off debts in bulk from

prior assignees of the original creditors after default for a small percentage of the amount of the debts and then attempts to collect the full face amount of the debts from consumer debtors in Massachusetts.

6. Commonwealth regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

7. Commonwealth uses the mails in a business the principal purpose of which is the collection of consumer debts.

8. On information and belief, at all relevant times, Commonwealth was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

9. On information and belief, at all relevant times, Commonwealth was not licensed as a debt collector with the Massachusetts Division of Banks.

10. Defendant Chad E. Goldstone (hereafter"Goldstone") is a natural person and is the President, Treasurer, Secretary and sole Director of Commonwealth.

11. Goldstone regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

12. Goldstone uses the mails in a business the principal purpose of which is the collection of consumer debts.

13. On information and belief, at all relevant times, Goldstone was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

14. On information and belief, at all relevant times, Goldstone was not licensed as a debt collector with the Massachusetts Division of Banks.

15. On information and belief, Defendant Commonwealth is the alter ego of Goldstone and is inadequately capitalized, does not observe corporate formalities, does not pay dividends, lacks sufficient corporate records, has no functioning directors and has only one person, Goldstone, in the position of its officers who does not function as such. On information and belief Defendant Commonwealth's dominant shareholder, Goldstone, siphons away the corporate assets and uses the corporation in promoting fraud.

16. Defendants represent to the public, through information listed with the Massachusetts Secretary of the Commonwealth, that Defendant Goldstone's address is 45A Flanagan Drive, Framingham, Massachusetts.

17. In fact, on information and belief, Goldstone has not been at that address since approximately mid-2004.

## FACTUAL ALLEGATIONS

18. On or about May 27, May 31, August 30, September 26, 2004 and March 4, 2005, Defendants mailed virtually identical form letters to Plaintiff in their attempt to collect an alleged debt to Providian Bank (hereafter "debt"). Copies of these letters are attached hereto as **Exhibits 1** through **5**, respectively.

19. On information and belief, Defendants purchased the debt from a prior assignee of the original creditor.

20. The debt was previously paid and settled by agreement between Plaintiff and Providian Bank, the original creditor.

21. Exhibits 1 through 5 are written beneath Defendant Commonwealth's letterhead and either signed or purportedly signed by Chad Goldstone as either "Legal Coordinator" or "President."

3

22. Exhibits 1 through 5 are addressed to both "Nancy S. Mac Ippald" and "Nancy S. MacDonald."

23. Exhibits 1 through 5 state that ". . . **THIS OFFICE HAS FILED A SUIT AGAINST YOU IN THE BOSTON MUNICIPAL COURT.** In the weeks to come, you will be receiving both registered and regular mail from the BOSTON MUNICIPAL COURT summoning you to appear for trial."

24. Exhibits 1 through 5 also each state that $1988.84 is "due and owing Commonwealth Receivables" on the debt.

25. Exhibits 1 through 5 also each state, "In a final attempt to resolve this matter amicably and without further costs to you, we urge you to contact this office at your earliest convenience. Our representatives are willing to work with you on this matter so that **your appearance in court may not be necessary.** However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available."

26. On or about April 22, 2005, Defendants filed an action against Plaintiff in Small Claims Division of the Cambridge, Massachusetts district court in an attempt to collect the debt, alleging that Plaintiff owed Defendants $1,969.84 plus $40.00 court costs (hereafter "small claims lawsuit").

27. On or about April 26, 2005, Defendants mailed a form letter to Plaintiff, in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 6**.

28. Exhibit 6 is written beneath Defendant Commonwealth's letterhead with "Chad Goldstone" written beneath the complimentary closing and the title of "President" written beneath that.

29. Exhibit 6 contains Plaintiff's name on the inside address and the name of Nancy

4

Mac Ippald in the salutation.

30. Exhibit 6 states that $2009.84 is "due and owing Commonwealth Receivables" on the debt.

31. Exhibit 6 also states "In a final attempt to resolve this matter amicably and without further costs to you, we urge you to contact this office at your earliest convenience."

32. On or about April 26, 2005, Defendants mailed another form letter to Plaintiff, in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 7**.

33. Exhibit 7 is written beneath Defendant Commonwealth's letterhead and signed by Chad Goldstone as "President."

34. Exhibit 7 states that $2009.84 is "due and owing Commonwealth Receivables" on the debt.

35. Exhibit 7 also states, "In a final attempt to resolve this matter amicably and without further costs to you, we urge you to contact this office at your earliest convenience. Our representatives are willing to work with you on this matter so that **your appearance in court may not be necessary.** However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available."

36. On or about April 27, 2005, Defendants mailed a form letter to Plaintiff, in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 8**.

37. Exhibit 8 is written beneath Defendant Commonwealth's letterhead and signed by Chad Goldstone as "President."

38. Exhibit 8 states that $2009.84 is "due and owing Commonwealth Receivables" on the debt.

39. Exhibit 8 also states "In a final attempt to resolve this matter amicably and

without further costs to you, <u>we urge you to contact this office at your earliest convenience.</u>"

40. Plaintiff never received any mail from the Boston Municipal Court.

41. On information and belief, Defendants never filed suit against either Plaintiff or any "Nancy Mac Ippald" in Boston Municipal Court.

42. On information and belief, the amount $1988.84 stated in Exhibits 1 through 5 included small claims court costs (at one time, $19.00) or other unspecified charges.

43. On information and belief, the amount $2009.84 stated in Exhibits 6 through 8 included small claims court costs ($40.00) or other unspecified charges.

44. On information and belief, none of Exhibits 1 through 8 were Defendants' "final" attempt to do anything.

45. Exhibits 1 through 5 and Exhibit 7 imply that if Plaintiff contacted Defendants to make payment arrangements, she would not have to appear in court and she would incur no additional costs.

46. In fact, Exhibits 1 through 5 and Exhibit 7 are designed to mislead debtors into failing to appear in court for the trial date and subsequent hearing dates, believing that the case is being continued because they have agreed to make payments so that Defendants can, unknown to the debtors, easily obtain default judgments and writs of execution under the informal procedures and relaxed rules of small claims court and use them as tools against debtors to force them to make payments to Defendants, depriving debtors of their day in court.

47. On information and belief, the last payment made on the debt was more than six years before Defendants filed suit against Plaintiff on the debt in the small claims lawsuit.

## **CAUSE OF ACTION**

48. Plaintiff realleges paragraphs 1 through 47 above.

49.  Defendants have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

  a.  False and misleading representations of compensation which may lawfully be received by Defendants for collection of the debt, in violation of FDCPA § 1692e, 1692e(2)(B) and 1692e(10);

  b.  Collection of an amount that is not expressly authorized by the agreement creating the debt or permitted by law, in violation of FDCPA § 1692f and 1692f(1);

  c.  False and misleading representations that Defendants had already sued Plaintiff almost one year before Defendants actually sued Plaintiff, in violation of FDCPA § 1692e and 1692e(10);

  d.  False and misleading representations that Defendants had sued Plaintiff in Boston Municipal Court, in violation of FDCPA § 1692e and 1692e(10);

  e.  False and misleading representations Plaintiff would be receiving mail from the Boston Municipal Court in the near future summoning her to trial, in violation of FDCPA § 1692e and 1692e(10);

  f.  The threat to take action which was not intended, including legal action, in violation of FDCPA § 1692e, 1692e(5) and 1692e(10);

  g.  False and misleading representations and implications as to the character, amount and legal status of the debt, in violation of FDCPA § 1692e, 1692e(2)(A) and 1692e(10);

  h.  False and misleading representations and implications that documents do not require action by Plaintiff, in violation of FDCPA § 1692e, 1692e(15) and 1692e(10) and 1692f;

7

  i. False and misleading representations and implications that Exhibits 1 through 8 are Defendants' a final attempt, in violation of FDCPA § 1692e and 1692e(10);

  j. The failure to disclose in Exhibits 1 through 8 that the communications are from a debt collector, in violation of FDCPA § 1692e and 1692e(11);

  k. False and misleading representations and implications that Defendant Goldstone's address is 45A Flanagan Drive, Framingham, Massachusetts, in violation of FDCPA § 1692e and 1692e(10);

  l. False and misleading representations and implications that Defendant is entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA § 1692e and 1692e(10);

  m. Use of false, deceptive and misleading representations or means in connection with the collection of a debt, in violation of FDCPA §§ 1692e and 1692e(10); and

  n. Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

## PLAINTIFF'S DAMAGES

50. As a result of Defendants' violations of the FDCPA described above, the Plaintiff suffered actual damages, including emotional distress.

51. Defendants intended to cause Plaintiff emotional distress by their actions and conduct described herein.

52. Plaintiff is entitled to her actual damages, pursuant to FDCPA § 1692k(a)(1).

53. Plaintiff is also entitled to an award of statutory damages, FDCPA §

1692k(a)(2)(A).

54. Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA § 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of her actual damages;

B. Enter judgment for the Plaintiff and against Defendant for $1,000 statutory damages pursuant to 15 U.S.C. § 1692k;

C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Grant such other and further relief as may be just and proper.

Nancy S. MacDonald, Plaintiff
by her Attorney,

Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

Yvonne W. Rosmarin

9

# *Commonwealth Receivables, Inc.*

po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938

*EXTENDED HOURS:*
*mon-fri 8:00 a.m. – 8:00 p.m.*
*saturday 9:00 a.m. 5:00 p.m.*

600837.
NANCY S MAC IPPALD
NANCY S MACDONALD
81 EVERETT ST
ARLINGTON   MA 02474

May 27, 2004

Re:   $1988.84 due and owing Commonwealth Receivables on
      Providian Bank Visa Card #4479-4804-0115-4909

**Our File #: C-600837**

Dear Nancy S Mac Ippald:

**PLEASE BE ADVISED THAT THIS OFFICE HAS FILED A SUIT AGAINST YOU IN THE BOSTON MUNICIPAL COURT.**

In the weeks to come, you will be receiving both registered and regular mail from the BOSTON MUNICIPAL COURT summoning you to appear for trial.

In a final attempt to resolve this matter amicably and without further costs to you, we urge you to contact this office at your earliest convenience.

Our representatives are willing to work with you on this matter so that **your appearance in court may not be necessary**. However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

*Chad Goldstone*

Chad Goldstone
Legal Coordinator

L125

**EXHIBIT 1**

# Commonwealth Receivables, Inc.

po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938

*EXTENDED HOURS:*
*mon-fri 8:00 a.m. – 8:00 p.m.*
*saturday 9:00 a.m. 5:00 p.m.*

600837.
NANCY S MAC IPPALD
NANCY S MACDONALD
81 EVERETT ST
ARLINGTON   MA  02474

May 31, 2004

Re:   $1988.84 due and owing Commonwealth Receivables on
      Providian Bank Visa Card #4479-4804-0115-4909

**Our File #: C-600837**

Dear Nancy S Mac Ipald:

**PLEASE BE ADVISED THAT THIS OFFICE HAS FILED A SUIT AGAINST YOU IN THE BOSTON MUNICIPAL COURT.**

In the weeks to come, you will be receiving both registered and regular mail from the BOSTON MUNICIPAL COURT summoning you to appear for trial.

In a final attempt to resolve this matter amicably and without further costs to you, <u>we urge you to contact this office at your earliest convenience</u>.

Our representatives are willing to work with you on this matter so that <u>**your appearance in court may not be necessary**</u>. However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

*Chad Goldstone*

Chad Goldstone
Legal Coordinator

EXHIBIT 2

L125

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Nancy S. MacDonald

## DEFENDANTS
Commonwealth Receivables, Inc. and Chad E. Goldstone

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Yvonne W. Rosmarin
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474     781-648-4040

ATTORNEYS (IF KNOWN)

05cv11136 RWZ

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to vacate Sentence | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | | ☒ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER FR.C.P 23

DEMAND $ _____

Check YES only if demanded in complaint
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
May 31, 2005

SIGNATURE OF ATTORNEY OF RECORD
[signature]

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT.
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Nancy S. MacDonald v. Commonwealth Receivables, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMZERED NATURE OF SUIT CODE LISI ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X     II.    195, 369, 400, 440, 441-444, 540, 550, 625. 710, 720, 730,
                 740, 790, 791, 820, 830. 840, 850, 890, 892-894, 895, 950.

    ___   III.   110, 120, 130.140, 151, 190, 210, 230, 240, 245, 290.310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ___   IV.    220, 422,423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875. 900.

    ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES  No   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).  YES  No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?  YES No   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION N/A  OR WESTERN SECTION N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Yvonne W. Rosmarin
ADDRESS   Law Office of Yvonne W. Rosmarin, 58 Medford Street, Arlington, MA 02474
TELEPHONE NO.   781-648-4040

(Category.frm - 09/92)