UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY S. MACDONALD<br>Plaintiff<br><br>v.<br><br>COMMONWEALTH RECEIVABLES, INC.<br>and CHAD E. GOLDSTONE<br>Defendants | CIVIL ACTION NO. 05-11136 RWZ |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

### INTRODUCTION

1.  The Defendants deny that they have engaged in any violations of the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION

2.  To the extent that an answer is required, denied.

### PARTIES

3.  The defendants lack knowledge and information sufficient to form a belief as to the truth of this allegation.

4.  Defendant Commonwealth Receivables, Inc. ("Commonwealth") admits it is a Massachusetts corporation, otherwise denied.

5.  Denied.

6.  Denied.

7.  Defendants admit that Commonwealth uses the mails, otherwise denied.

8.  Denied.

  9.  Admitted.

  10.  Denied.

  11.  Denied.

  12.  Denied.

  13.  Denied.

  14.  Admitted.

  15.  Denied.

  16.  Goldstone admits that he supervises operations of Commonwealth, otherwise denied.

  17.  Denied.

  18.  Denied.

  19.  Denied.

  20.  Denied.

  21.  Denied.

## FACTUAL ALLEGATIONS

  22.  Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

  23.  Denied.

  24.  Denied.

  25.  Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

  26.  Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

27. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

28. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

29. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

30. Commonwealth admits filing an action that is a matter of public record and speaks for itself. Goldstone denies filing an action. To the extent a further answer is required, denied.

31. The defendants lack knowledge and information sufficient to form a belief as to the truth of this allegation.

32. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

33. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

34. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

35. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

36. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

37. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

38. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

39. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

40. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

41. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

42. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

43. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

44. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

45. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

46. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

47. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

48. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

49. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

50. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

51. The defendants lack knowledge and information sufficient to form a belief as to the truth of this allegation.

52. Denied.

53. Denied.

54. Denied.

55. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

56. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

57. Defendants admit that Commonwealth issued letters that speak for themselves, otherwise denied.

58. Denied.

59. Denied.

60. Commonwealth admits filing a notice that speaks for itself, otherwise denied.

61. The defendants lack knowledge and information sufficient to form a belief as to the truth of this allegation.

62. The defendants lack knowledge and information sufficient to form a belief as to the truth of this allegation.

63. Denied.

## CAUSE OF ACTION

64. Defendants repeat and reallege all of their preceding answers.

65. Denied.

66. Denied.

67. Denied.

## PLAINTIFF'S DAMAGES

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction.

2. This action is barred due to the failure of service of process and the insufficiency of process.

3. This action is barred by various doctrines of estoppel.

4. The Amended Complaint fails to state a cause of action upon which relief can be granted.

5. This action is time barred, having been filed after the expiration of the governing limitations period.

6. Even if this action is not time barred in its entirety, all claims based on events occurring on or before May 31, 2004 are time barred.

7. The defendants at all times acted reasonably, in good faith, and without negligence.

8. Any violative conduct by the defendants was unintentional and resulted from a bona fide error and notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

9. Any harm or losses suffered by the plaintiff were caused solely by third persons over whom the defendants had no control and for whom the defendants are not responsible.

10. Neither defendant engaged in any unfair, deceptive, or misleading conduct.

11. The plaintiff was never deceived or misled by any conduct of the defendants.

12. There is no basis on which Chad Goldstone can be held individually liable.

13. The defendants and their actions are not covered by the Fair Debt Collection Practices Act ("FDCPA").

14. The defendants are not creditors or debt collectors within the meaning of the FDCPA.

15. The defendants were not attempting to collect a debt within the meaning of the FDCPA.

16. The plaintiff has suffered no actual damages and no emotional distress.

17. The plaintiff is entitled to no statutory damages.

18. The plaintiff is entitled to no attorneys' fees.

COMMONWEALTH RECEIVABLES, INC.
and
CHAD E. GOLDSTONE

By their attorney,

*John J O'Connor*

John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: July 15, 2005

PABOS2:JOCONNO:618424_1

I hereby certify that on this 15TH day of JULY, 2005, I served the foregoing document by causing a copy of same to be mailed, postage prepaid, hand delivered to all counsel of record.

*JOHN J. O'CONNOR*

8